UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALAN M. JOHNSON,

        Petitioner,

v.

        Case No. 25-cv-1449-pp

CHRIS BUESGEN,

        Respondent.

**ORDER SCREENING PETITION (DKT. NO. 1)**

On September 19, 2025, the petitioner, who is represented by counsel, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2023 judgment of conviction in Walworth County Circuit Court Case No. 16CF422. Dkt. No. 1. He has paid the $5 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because the petitioner has raised a colorable claim under the due process clause, the court will order the respondent to answer or otherwise respond.

**I.    Background**

The petitioner admits that he shot and killed his brother-in-law (referred to as KM) on October 25, 2016 after entering KM's house in the middle of the night to gather evidence of KM's child pornography collection. Dkt. No. 1-11 at 1. The petitioner says that he didn't intend to kill KM but acted in self-defense after being attacked by KM in the house. Id.

The State of Wisconsin charged the petitioner with first-degree intentional homicide; the jury acquitted him of intentional homicide but returned a guilty verdict on first-degree reckless homicide. Id. at 2. The

1

Wisconsin Supreme Court reversed, finding that the circuit court had erred by failing to instruct the jury on "perfect self-defense" and second-degree reckless homicide. State v. Johnson, 961 N.W.2d 18, 24-28 (Wis. 2021). In a footnote, the Wisconsin Supreme Court warned the trial court that the Double Jeopardy Clause would attach on remand:

> The jury found [the petitioner] guilty of first-degree reckless homicide, acquitted [him] of burglary, and did not return a verdict on first- and second-degree homicide, greater offenses of first-degree reckless homicide, which served as an "implicit acquittal" on those charges. See Green v. United States, 355 U.S. 184, 190 . . . (1957). Accordingly, on remand the State is precluded from trying [the petitioner] for burglary and first- and second-degree homicide under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Id. at 190-91 . . .; Price v. Georgia, 398 U.S. 323, 329 . . . (1970) ("[T]his Court has consistently refused to rule that jeopardy for an offense continues after an acquittal, whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge." (footnote omitted)).

Id. at page 30, n.20.

During the second trial in 2022, the court instructed the jury on first-degree reckless homicide and the lesser-included offense of second-degree reckless homicide. Dkt. No. 1-11 at 2, 4. It also instructed on the "complete privilege of self-defense." Id. at 2. But, the petitioner explains, "[t]he State convinced the circuit court, over [the petitioner's] objection, to instruct the jury that self-defense would not apply if [the petitioner] provoked an attack *with intent* to use such attack as an excuse to cause death or great bodily harm." Id. at 2 (emphasis added). And, the petitioner says, the State "argued to the jury that it should reject self-defense and convict [the petitioner] because [the petitioner] went to KM's house *intending* to provoke a confrontation . . . ." Id. The jury "rejected self-defense and convicted [the petitioner] of second-degree reckless homicide. Id. at 3.

2

The petitioner says that both parties agreed on appeal that the circuit court's decision to instruct the jury on intent must be analyzed under Ashe v. Swenson, 397 U.S. 436 (1970). Id. at 3. The petitioner further says that "[b]oth sides also agreed that at [the petitioner's] first trial, the jury necessarily decided that [he] had not entered KM's home with the intent to shoot KM and that under *Ashe*, the State could not obtain a conviction by retrying the issue of [the petitioner's] intent to shoot KM." Id.

The Wisconsin Court of Appeals affirmed the petitioner's conviction after finding that he had not been tried for the same offenses a second time. Johnson, Appeal No. 2023AP2272-CR, 2025 WL 409775, *7 (Wis. Ct. App. Feb. 25, 2025). The appellate court concluded that the petitioner had put intent at issue through his perfect self-defense instruction, and that the circuit court did not err by including in the provocation instruction a paragraph that referenced "intent." Id.

The Wisconsin Supreme Court denied the petition for review. Johnson, 27 N.W.3d 796 (Wis. 2025).

**II.     Rule 4 Screening**

    A.    Legal Standard

Rule 4 of the Rules Governing § 2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims.

3

Case 2:25-cv-01449-PP     Filed 02/03/26     Page 3 of 7     Document 4

Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his habeas petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the person incarcerated under a state judgment must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  The Petition

In the memorandum attached to his petition, the petitioner argues that

his second trial violated the Double Jeopardy Clause because the first jury, in convicting him of first-degree *reckless* homicide, necessarily acquitted him of first- and second-degree *intentional* homicide. Dkt. No. 1-11 at 10 (emphasis added). "In other words, the jury found that the State had not proven that [the petitioner] intended to kill KM at any point—neither when he entered KM's house, nor when he pulled the trigger." Id. Yet, at the 2022 second trial, in instructing the jury on "perfect" self-defense, the trial court instructed the jury that "[a] person who provokes an attack whether by lawful or unlawful conduct *with intent* to use such an attack as an excuse to cause death or great bodily harm" does not act in self-defense. Id. at 7. When the petitioner argued on appeal that the trial court's inclusion of the "intent-to-provoke" paragraph violated the Double Jeopardy Clause under Ashe, the Wisconsin Court of Appeals affirmed, holding that "there was no double jeopardy violation because [the petitioner] was not retried for the offenses of which he was acquitted at the first trial," and because the petitioner had "put intent at issue" by seeking the perfect self-defense instruction. Id. at 9. The petitioner argues that the appellate court did not acknowledge his argument under Ashe, or even cite Ashe.

The petitioner has stated a colorable claim. Under Ashe, the Double Jeopardy Clause "precludes the Government from relitigating any issue that was necessarily decided *by a jury's acquittal in a prior trial.*" Yeager v. United States, 557 U.S. 110, 119 (2009) (emphasis added). The first jury's verdict—convicting the petitioner of *reckless* conduct rather than *intentional* conduct—necessarily decided that he had not acted intentionally. The petitioner intends to argue that under Ashe, the Wisconsin Court of Appeals' decision affirming the second jury's verdict despite the trial court's instruction "that it must

5

convict [the petitioner] if it found that he intentionally provoked an attack as an excuse to shoot KM" was contrary to, or an unreasonable applicable of, clearly established case law as determined by the United States Supreme Court. Dkt. No. 1-11 at 8, 10.

The petitioner also appears to have timely filed his petition and to have raised the Due Process claim in each level of the Wisconsin courts.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the Due Process claim raised in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

6

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**